# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

EDDIE LEE, AS THE SURVIVING
SPOUSE OF THE DECEASED,
KATIE KALISHA LEE, AND
BERTIE WEARY, SHARON WEARY,
SANDRA WEARY, GIOVANNI LEE,
AND LEON LEE, JR., AS THE
SURVIVING CHILDREN OF THE
DECEASED, KATIE KALISHA LEE

VERSUS

RAVI KANAGALA, MD, MARILYN
E. PELIAS, MD, AND LAKEVIEW
MEDICAL CENTER, LLC D/B/A
LAKEVIEW REGIONAL MEDICAL
CENTER

NO. 2019 CW 1036

**SEP 3 0 2019**

---

In Re:    Marilyn  E.  Pelias,  M.D.,  applying  for  supervisory
writs,  22nd  Judicial  District  Court,  Parish  of  St.
Tammany, No. 201315445.

---

BEFORE:   McDONALD, THERIOT, AND CHUTZ, JJ.

   **WRIT GRANTED.**   Claims  for  medical  malpractice  must  be
brought  within  one  year  from  the  date  of  the  alleged  act,
omission  or  neglect,  or  within  one  year  of  discovery  of  the
alleged  act,  omission  or  neglect.  See  La.  R.S.  9:5628.   A
prescriptive  period  begins  to  run  even  if  the  injured  party  does
not  have  actual  knowledge  of  facts  that  would  entitle  him  to
bring  a  suit,  as  long  as  he  has  constructive  knowledge  of  such
facts.  **Campo  v.  Correa**,  2001-2707,  (La.  6/21/02),  828  So.2d
502.   Constructive  knowledge  is  whatever  notice  is  enough  to
excite  attention  and  put  the  injured  person  on  guard  and  call
for  inquiry.  **Id.**   Dr.  Pelias'  name  appears  in  the  medical
records  that  were  available  to  plaintiffs  at  the  time  they  filed
a  timely  request  to  convene  a  medical  review  panel  as  to  Ravi
Kanagala,  M.D.  and  Lakeview  Medical  Center.   This  should  have
prompted  further  inquiry  into  Dr.  Pelias'  involvement  in  Mrs.
Lee's  care.   Accordingly,  we  grant  the  writ,  reverse  the
judgment  of  the  trial  court,  and  grant  the  exception  of
prescription  dismissing  plaintiffs'  claims  against  Marilyn  E.
Pelias, M.D.

JMM
MRT
WRC

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT